UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRYAN ELZEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:09 CV 236 |
|  | ) |  |
| CENTERPLATE CAFÉ, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

I.  BACKGROUND

This matter is before the court on defendant Centerplate Cafe's motion to dismiss plaintiff Bryan Elzey's *pro se* complaint. (DE # 9.) Plaintiff, a black male, alleges that he began working for defendant in September 2007 as a back bar and concession assistant. (Compl., DE # 1 at 5.) He claims that in December 2007, two white employees were hired to work in his department. (EEOC Charge, DE # 1 at 6.) According to plaintiff, shortly after their hire, plaintiff was treated differently and his hours were reduced. (*Id.*) In January 2008, plaintiff complained to defendant's human resources department about his supervisor Debra because he was not getting enough hours (*id.*) and because plaintiff believed that Debra was tampering with employee's hours. (Compl., DE # 1 at 2.) Plaintiff alleges that he worked only three days during the months of January and February 2008 (EEOC Charge, DE # 1 at 6) and less than 30 hours from February to May 2008 (Compl., DE # 1 at 3), while the new white hires continued to receive hours (EEOC

Charge, DE # 1 at 6). In March, he failed to show up for a day he was scheduled to work. (EEOC Charge, DE # 1 at 6.)

On May 15, 2008, defendant terminated plaintiff's employment for distributing beverages to non-employees and pocketing the money. (Compl., DE # 1 at 2.) Plaintiff claims that the grounds for termination were false and that other white employees violated policies and were not terminated. (EEOC Charge, DE # 1 at 6.) Plaintiff claims that he was fired in retaliation for complaining to human resources about his reduction in hours (*id.* at 6) and about Debra (Compl., DE # 1 at 3).

On June 10, 2008, plaintiff filed a charge with the EEOC alleging discrimination on the basis of race and retaliation. (EEOC Charge, DE # 1 at 6.) The EEOC issued plaintiff a right-to-sue letter on February 23, 2009 (EEOC Letter, DE # 1 at 7), and plaintiff filed his complaint on May 26, 2009 (Compl., DE # 1), alleging race discrimination and retaliation, as well as age discrimination. Defendant has moved, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), to dismiss plaintiff's complaint in its entirely as untimely, to dismiss plaintiff's age discrimination claim for failure to include it in the charge he initially filed with the EEOC, and to dismiss plaintiff's race discrimination and retaliation claims as lacking allegations that would plausibly establish defendant's liability. (DE # 9.) For the reasons that follow, defendant's motion is granted in part, and denied in part.

## II. LEGAL STANDARD

A judge reviewing a complaint attacked by a RULE 12(b)(6) motion must accept all of the factual allegations therein as true. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint need not contain detailed facts, but surviving a RULE 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, *id.*, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Id.* at 570.

Because the plaintiff in this case appears *pro se*, his filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

## III. DISCUSSION

### A. Timeliness

Defendant first argues that plaintiff's complaint should be dismissed as untimely. Plaintiff filed a charge with the EEOC on June 10, 2008. On February 23, 2009,

the EEOC issued plaintiff a right-to-sue letter, informing plaintiff of the 90-day window in which he had the opportunity to file suit. Plaintiff filed the complaint in this matter on May 26, 2009. In his complaint, he states that he received his right-to-sue letter on or about February 23, 2009.[1] Defendant claims that even though plaintiff was informed that he had 90 days within which to file a complaint, he filed on the 92nd day.

RULE 6 of the FEDERAL RULES OF CIVIL PROCEDURE provides that, in computing any time period, the court should exclude the date of the event that triggers the time period and include the last day of the time period unless it is a Saturday, Sunday, or legal holiday, in which case the period continues until the end of the next day that is not a Saturday, Sunday, or legal holiday. It is not clear on what date plaintiff actually received his right-to-sue letter; his complaint states only that he received it "on or about" February 23, 2009. It is probably unlikely that he actually received it on February 23rd, since that is the same date that the EEOC stamped on the letter as the "Date Mailed."

But even assuming for the sake of the present motion that plaintiff *did* receive the letter on February 23rd, his complaint is still not untimely. Defendant correctly points out that the 90th day after plaintiff presumably received his right-to-sue letter was May 24, 2009, a Sunday. Accordingly, defendant reasons, plaintiff had until Monday, May 25, 2009, to file his complaint, but did not file until Tuesday, May 26, 2009. However,

---

[1] Plaintiff's complaint actually states that he received his right-to-sue letter on February 23, 2008, but defendant concedes that this is certainly a typo and that plaintiff must have intended to have written February 23, 2009.

4

defendant overlooks the fact that Monday, May 25, 2009, was Memorial Day, which RULE 6 classifies as a legal holiday. Thus, plaintiff was permitted until the *next* day–Tuesday, May 26, 2009–within which to file. This is the very date plaintiff filed his complaint. Defendant's timeliness argument is rejected.

B.     **Plaintiff's ADEA claim**

Defendant also moves to dismiss plaintiff's Age Discrimination in Employment Act ("ADEA") claim because plaintiff failed to raise the issue of age discrimination in his EEOC charge. The Seventh Circuit has held that "[i]n order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003). Thus, generally, a plaintiff cannot raise new claims in a lawsuit that were not included in his EEOC charge. *Teal v. Potter,* 559 F.3d 687, 691 (7th Cir. 2009). However, a plaintiff may litigate claims which are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Id.* at 691-92 (internal quotation marks omitted, alteration in original). "[I]n order for claims to be deemed related, the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* (internal quotation marks omitted).

In this case, plaintiff's EEOC charge is devoid of any allegations regarding age discrimination and does not alert the EEOC or the defendant of the possibility of an age discrimination claim. There is also no indication that any age discrimination claims are like or reasonably related to any of the allegations he does make in the charge.

5

Accordingly, plaintiff's age discrimination claim is dismissed. "If [plaintiff] thought [he] had been subject to age discrimination too, [he] could have, and should have, said so in [his] charge." *Ajayi,* 336 F.3d at 528.

C.   **Plaintiff's Title VII Discrimination Claim**

Defendant moves to dismiss plaintiff's race discrimination claim for failure to plead facts that would, if proven, constitute a claim. Defendant bases its argument in the test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). However, the *McDonnell Douglas* test "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002). The question is whether, under RULE 8, plaintiff has sufficiently pled a claim for relief that is plausible on its face. *Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722, 727 (2009) (citing *Twombly* and rejecting application of *McDonnell Douglas* test in context of motion to dismiss).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2). Construing plaintiff's allegations liberally, as the court must do because this case involves a *pro se* plaintiff, plaintiff essentially alleges that he received fewer hours after white co-workers were hired. The complaint can also be read as alleging that other white employees did not experience reduced hours and that plaintiff's reduction in hours was based on his race. With these claims, plaintiff

6

sufficiently alleges that he suffered discrimination with respect to a term or condition of employment. *See, e.g., Kassner v. 2nd Avenue Delicatessen Inc.,* 496 F.3d 229, 240 (2d Cir. 2007) (claim that employee's hours were reduced because of age was sufficient allegation of materially adverse change to terms and conditions of employment to withstand motion to dismiss on ADEA claim). Thus, at this stage in the litigation, plaintiff sufficiently states a plausible claim for race discrimination under Title VII sufficient to survive defendant's motion to dismiss.

### D. Plaintiff's Title VII Retaliation Claim

Finally, defendant moves to dismiss plaintiff's Title VII retaliation claim. In order to state a claim for retaliation, plaintiff must allege that he was discriminated against because he "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The complaint can be liberally construed as alleging that plaintiff was terminated after complaining to human resources about a discriminatory reduction in hours. Plaintiff's allegations–taken as true for purposes of this motion to dismiss–are sufficient to state a claim for retaliation. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (allegations of retaliation following complaints to employer about lack of equal pay put defendants on notice about nature of claims and satisfied *Twombly*).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 9) is **GRANTED, in part, and DENIED, in part.** Plaintiff's ADEA claims are **DISMISSED,** but plaintiff's Title VII claims remain pending.

**SO ORDERED.**

Date: September 2, 2010

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT